IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA-ALEXANDRIA

| | | |
|---|---|---|
| In Re | ) | Case No. 09-12441-RGM |
| | ) | Chapter 7 |
| Gary Keith Martelli | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| Richard J. Marchant and | ) | |
| Karen H. Marchant | ) | |
| | ) | |
| Plaintiffs, | ) | Adv. No.: |
| | ) | |
| Vs. | ) | |
| | ) | |
| Gary Keith Martelli | ) | |
| | ) | |
| Defendant. | ) | |

FILED 2009 JUN 25 A 9:58 US BANKRUPTCY COURT ALEXANDRIA DIVISION CLERK

## COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF A DEBT

Richard J. Marchant and Karen H. Marchant, ("Creditors") object to the dischargeability of the debt owed to them by the Debtor, Gary Martelli, in his bankruptcy proceeding, and allege the following:

1. We entered into a home improvement contractual agreement with Gary Martelli on June 29, 2007. Mr. Martelli misrepresented himself, his credentials and his work experience with the intention of deceiving us. We paid for material, products and services that he did not deliver. He intentionally deceived us, took our money, and started many phases of the project but never completed anything. In addition his work was not done to code.

2. We had to repurchase materials and products, and redo plumbing, electrical work, marble tiling, windows, tub and glass shower enclosure at an additional cost of $21,220.

3. On August 29, 2008, the Fairfax County Circuit Court (VA) found that Gary Martelli committed fraudulent, deceitful and dishonest acts to enhance his own financial gain, that the Defendant's actions were malicious, willful, wanton, and represented a conscious disregard for the Plaintiffs, and that Gary Martelli's actions were the actual and proximate cause of the actual damages sustained by the Plaintiffs.

4. It was adjudged, ordered and decreed that the Plaintiffs, Richard and Karen Marchant, recover and have default judgment against the Defendant, Gary Martelli, in the amount of $21,220 in compensatory damages, and in the amount of $50,000 in punitive damages, and attorney's fees of $5,000.

5. Mr. Martelli's actions go far beyond a mismanaged project. He took cash advance under false pretenses, false representation or actual fraud, and for that reason the indebtedness to us is non-dischargeable in bankruptcy.

Therefore, we respectfully request the Bankruptcy Court declare the debt owed to Plaintiffs, Richard and Karen Marchant, to be non-dischargeable and give full faith and credit to the judgment we obtained in the Circuit Court of Fairfax, Virginia.

By: _Richard J Marchant  June 24, 2009_
Richard J. Marchant

_Karen H. Marchant  June 24, 2009_
Karen H. Marchant
8008 Springfield Village Dr.
Springfield, VA. 22152
Telephone (703)569-4994

Plaintiffs

CERTIFICATE OF MAILING

We hereby do certify that a true and correct copy of the foregoing document was placed in the United States mail, postage prepaid, on this, the 25th day of June, 2009, and mailed to the following:

Russell B. Adams III
Chung & Press
6718 Whittier Ave. #200
McLean, VA 22101
ATTORNEY FOR DEBTOR/DEFENDANT


Donald F. King
9302 Lee Highway, Suite 1100
Fairfax, VA. 22030
Chapter 7 TRUSTEE


_____
Richard J. Marchant

_____
Karen H. Marchant

VIRGINIA:

IN THE CIRCUIT COURT OF FAIRFAX COUNTY

RICHARD and KAREN MARCHANT  :

    Plaintiffs,  :

v.  : CL 08-4290

GARY MARTELLI  :
aka G. MARTELLI
aka GARY KEITH MARTELLI  :
aka GARY K. MARTELLI

      :

    Defendant.
      :

## *ORDER*

**THIS CAUSE** came to be heard on the 29th day of August, 2008, upon the motion of the Plaintiffs to have entered into the record a Default Judgment against Defendant; and it

**APPEARING** that Defendant was served with Summons and Complaint by posted service on June 3, 2008 and failed to respond within the time allotted to him under the rules of this Court and that such failure continues to the present day; and it further

**APPEARING** that Defendant personally appeared at the July 1, 2008 Scheduling Conference in this matter and such Scheduling Conference was continued to July 29, 2008 and again to August 12, 2008, neither of which Defendant made an appearance at; and it further

**APPEARING** that Plaintiff filed a previous Motion for Default Judgment to be heard by this Court on July 29, 2008 but that the Court refused to hear such Motion and requested Plaintiff to serve the Defendant through the Sheriff with a new Motion for Default Judgment; and it further

**APPEARING** that Defendant was served with the instant Motion for Default Judgment on August 5, 2008 by ___posting___ ; and it further

JMF

**APPEARING** that upon presentation by Plaintiffs of *ex-parte* proof of damages and based

*1*

upon the pleadings filed in this matter, that default judgment should be entered for the Plaintiffs on their claims against the Defendant; and

**IT FURTHER APPEARING TO THIS COURT** upon the evidence presented that the Defendant is liable to the Plaintiffs under COUNT ONE of Plaintiffs' Complaint (Breach of Contract); and

**IT FURTHER APPEARING TO THIS COURT** upon the evidence presented that the Defendant is liable to the Plaintiffs under COUNT TWO of Plaintiffs' Complaint (Fraud) and that the Court finds that the Defendant committed fraudulent, deceitful and dishonest acts to enhance his own financial gain, that Defendant's actions were malicious, willful, wanton, and represented a conscious disregard for the rights of the Plaintiffs, and that Defendant's actions were the actual and proximate cause of the actual damages sustained by the Plaintiffs; and

**IT FURTHER APPEARING TO THIS COURT** upon the evidence presented that the Defendant is liable to the Plaintiffs under COUNT THREE of Plaintiff's Complaint (Violation of Virginia Home Solicitation Sales Act, VA. CODE §59.1-10, *et seq.*, (the "ACT")) which violation constitutes a violation of the Virginia Consumer Protection Act, §59.1-196 *et seq.*; and

**IT FURTHER APPEARING TO THIS COURT** that Defendant's violation of the ACT was willful and that Plaintiff is therefore entitled to recover three times their actual damages and their reasonable attorney's fees; it is

**THEREFORE, ADJUDGED, ORDERED and DECREED** that the Plaintiffs, RICHARD and KAREN MARCHANT, recover and have default judgment against the Defendant, GARY MARTELLI aka G. MARTELLIS, aka GARY KEITH MARTELLI aka GARY K. MARTELLI, in the amount of ($21,200.22) in compensatory damages, and in the amount of $50,000 ($_____) in punitive damages, with interest at the legal rate from the date of judgment, reasonable attorney's fees of $5,000 and Plaintiffs' costs in this behalf

expended, to date such sum being $175.00.

**ENTERED** this 29 day of Aug, 2008.

_____
JUDGE

I ASK FOR THIS:

LEGUM & WILK, PLC

Adam R. Wilk, #28917
4004 Williamsburg Court
Fairfax, Virginia 22003
(703) 385-6700

Counsel for Plaintiff

SEEN and Objected:

_____
Gary Martelli
Defendant

A COPY TESTE:
JOHN T. FREY, CLERK
BY: _____
Deputy Clerk
Date: 8/29/08
Original retained in the office of
the Clerk of the Circuit Court of
Fairfax County, Virginia

B104 (FORM 104) (08/07)                                                         EDVA

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** RICHARD J. MARCHANT  KAREN H. MARCHANT | **DEFENDANTS** GARY KEITH MARTELLI |
| ATTORNEYS (Firm Name, Address, and Telephone No.) | ATTORNEYS (If Known) RUSSELL B. ADAMS III (703) 734-9800 CHENG & PRESS 6718 WHITTIER AVE #200 MCLEAN, VA 22101 |
| PARTY (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor ☐ Other ☐ Trustee | PARTY (Check One Box Only) ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
- COMPLAINT OBJECTING TO THE DISCHARGEABILITY OF A DEBT
- WE REQUEST BANKRUPTCY GIVE FULL FAITH AND CREDIT TO THE JUDGEMENT OBTAINED FROM FAIRFAX COUNTY CIRCUIT COURT

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☑ [3] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑ [1] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☑ [2] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief - imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case  15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED 2009 JUN 25 A 9:58 CLERK US BANKRUPTCY COURT ALEXANDRIA DIVISION

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 76,200 |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR GARY KEITH MARTELLI | BANKRUPTCY CASE NO. 09-12441-RGM |||
| DISTRICT IN WHICH CASE IS PENDING EASTERN DISTRICT OF VIRGINIA | DIVISION OFFICE Alexandria || NAME OF JUDGE JUDGE ROBERT MAYER |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) Richard D Marchant Karen W. Marchant ||||
| DATE June 24, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, *unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

*Per LBR 7003-1, in the EDVA, a properly completed Adversary Proceeding Cover Sheet is required.